1  Heather McMillan (188939)
   Daniel P. Stevens (164277)
2  STEVENS & McMILLAN
   335 Centennial Way
3  Tustin, CA 92780
   Tel.:   (714) 730-1000
4  Fax:    (714) 730-1067

5  Attorneys for Plaintiff
   PERRY HAWKINS

6

7

8

9          IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF RIVERSIDE

11  PERRY HAWKINS,                          )   Case No.: RIC1716705
                                            )
12              Plaintiff,                   )
                                            )   COMPLAINT FOR DAMAGES
13  v.                                       )
                                            )   1.  Discrimination
14  NESTLE USA, INC. and DOES 1 through     )   2.  Failure to Prevent
    50, inclusive,                          )       Discrimination
15                                          )   3.  Family Medical Leave Violation
                Defendants.                 )   4.  Labor Code §233, 246.5 [sick time
16                                          )       violation]
    _____       )   5.  Failure to Accommodate
17                                              6.  Breach of Contract
                                                7.  Wrongful Termination

18
    Plaintiff alleges:
19
            1.      At all times mentioned in this complaint, Defendant NESTLE USA, INC. was a
20
    corporation, duly licensed, and conducting business in the County of Riverside, State of California.
21
    Their principal place of business/corporate headquarters is located in California.
22
            2.      At all times mentioned  in this complaint, Plaintiff PERRY HAWKINS was a
23
    resident of California.   During the relevant time period, Plaintiff was employed by and then
24
    terminated by Defendants.
25
            3.      Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive,
26
    and therefore sue them by those fictitious names.
27

28                                              1

    _____
                        Complaint for Damages

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 0 7 2017

B. Halley

1      4.      Plaintiff is informed and believes, and on the basis of that information and belief

2  alleges, that at all times mentioned in this complaint, DOE defendants were the agents and

3  employees of their co-defendants or otherwise responsible for the conduct complained of herein, and

4  in doing the things alleged in this complaint were acting within the course and scope of that agency

5  and employment or were otherwise responsible for the damages complained of by the Plaintiff.

6                                   **FACTUAL ALLEGATIONS**

7      5.      Perry Hawkins commenced employment with Nestle USA on April 6, 2006 as a

8  forklift driver.

9      6.      Mr. Hawkins had an approved FMLA/CFRA intermittent leave that he renewed

10  each year for a medical condition.

11      7.      Mr. Hawkins took a medical leave from October 10 through October 25 and when

12  he returned he gave HR a doctor's note. Mr. Hawkins had both intermittent leave and sick leave

13  available to be used for the time off.

14      8.      Three or four days after Mr. Hawkins returned to work, the company asked him to

15  complete his FMLA/CFRA paperwork. He assumed that it was the annual renewal paperwork

16  for his intermittent leave. Mr. Hawkins went through Kaiser to get the paperwork related to his

17  intermittent leave which took a while because Kaiser has their own forms.

18      9.      After he turned the paperwork in, he was told that they needed FMLA/CFRA

19  paperwork specifically for the recent two week leave. HR gave him five days to get the new

20  paperwork turned in. He was able to get the paperwork the following day.

21      10.     On November 22, 2016, Mr. Hawkins was terminated for having too many points.

22  The company has a policy that if an employee receives 8 points for various infractions in a 12

23  month period, the employee will be terminated.

24      11.     HR told Mr. Hawkins that he had 1.5 points for unloading an incorrect trailer, 1.5

25  points for encoding a load incorrectly, and 6 points for not providing an FMLA certificate prior

26  to the communicated deadline.

27      12.     The employee handbook does not say that you get points for not turning in an

28                                              2

_____

**Complaint for Damages**

1  FMLA certificate on time. However, it does say 1 point for each absence up to a max of 3 for

2  any consecutive absence. Thus, even if he was not protected under available FMLA/CFRA leave

3  or sick leave, under the company policy he had should have been assessed only 3 points for the

4  absence which when added to his other points only equals 6 points, not enough to terminate him.

5      13.     On the same day he was terminated, he received a letter from HR Management

6  Specialist Paula Schultz that said his FMLA leave was approved.

7      14.     The plaintiff filed administrative complaints with the Department of Fair Housing

8  and Employment within the statutory time period and received Notices of Case Closure (Right-

9  to-Sue Letters) for each defendant named herein.

## FIRST CAUSE OF ACTION

### (Discrimination-Gov't Code section 12940(a))

### (By Plaintiff Against All Defendants)

13      15.     Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though fully

14  set forth at this point.

15      16.     This action is brought pursuant to the California Fair Employment and Housing

16  Act, section 12940(a) of the Government Code, which prohibits an employer from discharging,

17  expelling or otherwise discriminating against any person because of the person's disability.

18      17.     At all times mentioned in this complaint, Defendants regularly employed at least

19  five employees bringing the Defendant employer within the provisions of section 12940 et seq.

20  of the Government Code.

21      18.     During Plaintiff's employment, as alleged herein, Defendant terminated plaintiff's

22  employment because of his disability.

23      19.     As a direct and proximate result of Defendants' unlawful conduct as alleged in

24  this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,

25  anxiety, depression, lowered self-esteem, and emotional distress.

26      20.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has

27  suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

28                                         3

1    and other losses.

2        21.    Because Plaintiff was discriminated against in violation of the law, plaintiff is

3    entitled to recover  attorneys' fees and costs in this action pursuant to California Government

4    Code section 12965(b).

5        22.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

6    deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

7    damage plaintiff,  Plaintiff requests the assessment of punitive damages against Defendants in an

8    amount appropriate to punish and make an example of Defendants.

9                           **SECOND CAUSE OF ACTION**

10                  (Failure to Prevent Discrimination - Gov't Code § 12940(k))

11                        (By Plaintiff Against All Defendants)

12       23.    Plaintiff  hereby incorporates paragraphs 1 through 22, inclusive, as though fully

13    set forth at this point.

14       24.    This action is brought pursuant to the California Fair Employment and Practices

15    Act, section 12940(k) of the Government Code, which prohibits an employer from failing to take

16    all reasonable steps necessary to prevent discrimination,  harassment and retaliation and the

17    corresponding regulations of the California Fair Employment and Housing Commission.

18       25.    At all times mentioned in this complaint, Defendants regularly employed at least

19    five employees bringing Defendant employer within the provisions of section 12900 et seq. of

20    the Government Code prohibiting employers or their agents from failing to take all reasonable

21    steps necessary to prevent discrimination, harassment and retaliation.

22       26.    Defendants failed to take all reasonable steps necessary to prevent discrimination

23    and harassment in that the employer failed to comply with Department of Fair Employment and

24    Housing laws and regulations, failed to offer discrimination and harassment training, failed to

25    maintain an effective complaint procedure, failed to adequately educate managers about

26    discrimination and harassment and failed to educate managers regarding proper responses to

27    complaints.  Defendants also failed to take all reasonable steps to prevent harassment and

28                                    4

1  discrimination by not taking adequate remedial action after becoming aware of ongoing

2  discrimination and harassment.

3       27.    As a direct and proximate result of Defendants' unlawful conduct as alleged in

4  this complaint, Plaintiff has suffered extreme and severe anguish,  humiliation, anger, tension,

5  anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

6       28.    As a further direct and proximate result of the unlawful conduct, Plaintiff has

7  suffered and continues  to suffer loss of income, loss of earning capacity, loss of job opportunity

8  and other losses.

9       29.    Because the Defendants failed to prevent discrimination and harassment in

10  violation of the Fair Employment and Housing Act,  Plaintiff is entitled to recover attorneys' fees

11  and costs in this action pursuant to California Government Code section 12965(b).

12       30.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

13  deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

14  damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an

15  amount appropriate to punish and make an example of Defendants.

16                          **THIRD CAUSE OF ACTION**

17              (Violation of California Family Rights Act - Gov't Code §12945.2)

18                       (By Plaintiff against All Defendants)

19       31.    Plaintiff hereby incorporates paragraphs 1 through 30, inclusive, as though fully

20  set forth at this point.

21       32.    This action is brought pursuant to the California Fair Employment and Practices

22  Act, section 12945.2 of the Government Code and/or the corresponding regulations of the

23  California Fair Employment and Housing Commission, which makes it an unlawful employment

24  practice for an employer to refuse to grant a request by any employee with more than 12 months

25  of service with the employer and who has at least 1,250 hours of service with the employer

26  during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month

27  period for family care and medical leave.  This section is deemed violated when an employer

28                                  5

1  fails to return an employee to the same or comparable position at the end of the leave or if the

2  employer discriminates against the employee for taking or asking for leave.

3       33.    At all times mentioned in this complaint, plaintiff was an employee of defendant

4  employers within the meaning of Government Code sections 12926, 12940 and 12945.2.

5       34.    At all times relevant herein, Defendants were and are an "employer" under

6  FEHA, regularly employing five or more employees, respectively, within the meaning of

7  Government Code sections 12926 and 12940.

8       35.    At all times relevant herein, Defendants, respectively, employed fifty (50) or

9  more employees within a seventy-five (75) mile radius of the facility where plaintiff was

10  employed.

11       36.    Plaintiff was employed by defendants for at least twelve (12) total months prior to

12  plaintiff's request for leave as alleged more fully herein.

13       37.    Plaintiff gave defendants at least one thousand two hundred fifty (1,250) hours of

14  service during the twelve (12) month period immediately preceding the request for or

15  commencement of plaintiff's leave.

16       38.    As is more fully set forth herein, plaintiff took leave for his serious medical

17  condition. Defendants unlawfully discriminated and/or retaliated against plaintiff by using his

18  leave as a basis for terminating him.

19       39.    As a direct and proximate result of defendants' unlawful conduct as alleged in

20  this complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness,

21  anger, tension, anxiety and emotional distress.

22       40.    As a further direct and proximate result of the unlawful conduct, plaintiff has

23  suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

24  and other losses.

25       41.    Because plaintiff was discriminated against in violation of the Fair Employment

26  and Housing Act, plaintiff is entitled to recover attorneys' fees and costs in this action pursuant

27  to California Government Code section 12965(b).

28

6

42.    Because the acts taken toward plaintiff were carried out by defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

### FOURTH CAUSE OF ACTION

(Leaves for Labor Code §233, 246.5)

(By Plaintiff against All Defendants)

43.    Plaintiff hereby incorporates paragraphs 1 through 42, inclusive, as though fully set forth at this point.

44.    This action is brought pursuant to Labor Code Sections 233 and 246.5 which give employees the right to take available sick time to treat an existing health condition.

45.    The defendant terminated Plaintiff for using available sick time.

46.    Plaintiff seeks reinstatement, actual damages and any other appropriate relief under Labor Code Section 233(d).

47.    Plaintiff seeks attorneys fees and costs under Labor Code Section 233(e).

### FIFTH CAUSE OF ACTION

(Failure to Accommodate -

Gov't Code §12926.1, 12940(a)(m) and (n) )

(By Plaintiff against All Defendants)

48.    Plaintiff hereby incorporates paragraphs 1 through 47, inclusive, as though fully set forth at this point.

49.    This action is brought pursuant to the California Fair Employment and Practices Act, section 12940 and 12926.1 of the Government Code and/or the corresponding regulations of the California Fair Employment and Housing Commission, which makes it an unlawful employment practice for an employer to discriminate against a person with a disability, fail to make reasonable accommodation to a person with a disability, or fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations.

7

50.   As is more fully set forth herein, plaintiff had a physical disability.

51.   Plaintiff was able to perform the job with reasonable accommodation which included intermittent leaves.

52.   The company failed to comply with the above sited code sections and regulations when it refused to engage in a timely good faith interactive process to determine a reasonable accommodation, refused to honor an accommodation that had already been granted, refused to offer any other reasonable accommodations, and by firing plaintiff.

52.   As a direct and proximate result of defendant's unlawful conduct as alleged in this complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

54.   As a further direct and proximate result of the unlawful conduct, plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

55.   Because plaintiff was discriminated against in violation of the Fair Employment and Housing Act, plaintiff is entitled to recover attorney's fees and costs in this action pursuant to California Government Code section 12965(b).

56.   Because the acts taken toward plaintiff were carried out by defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage him, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

## SIXTH CAUSE OF ACTION

### (Breach of Contract)

### (By Plaintiff against All Defendants)

57.   Plaintiff hereby incorporates paragraphs 1 through 56 as though fully set forth at this point.

58.   Defendant had a written policy with regard to how points would be used for progressive discipline as described above.

8

59.   Plaintiff did everything that was required of him under the written policy.

60.   Defendant breached the policy when it assessed plaintiff with too many points and then terminated him for having said points.

61.   As a direct result of these breaches, plaintiff has suffered economic damages.

### SEVENTH CAUSE OF ACTION

#### (Wrongful Termination)

#### (By Plaintiff Against All Defendants)

62.   Plaintiff hereby incorporates by reference paragraphs 1 through 61, inclusive, as though fully set forth at this point.

63.   Plaintiff alleges that the discharge was wrongful because it was in violation of the public policy of the State of California as set forth in[California Government Code section 12940 et seq., the administrative regulations of the Fair Employment and Housing Act and Article 1, section 8 of the Constitution of the State of California, and Labor Code Sections 233 and 246.5, as set forth more fully herein.

64.   As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

65.   As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

66.   Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

As to the First, Second, Third and Fifth Causes of Action: .

1.   For general and compensatory damages;

9

| | | |
|---|---|---|
| 1 | 2. | For special damages according to proof; |
| 2 | 3. | For punitive damages; |
| 3 | 4. | For prejudgment interest on all amounts claimed that are readily ascertainable; |
| 4 | 5. | For costs and attorneys' fees pursuant to Government Code section 12965(b); |
| 5 | | and |
| 6 | 6. | For such other and further relief that the court considers proper. |

As to the Fourth Cause of Action:

| | | |
|---|---|---|
| 8 | 1. | For actual damages; |
| 9 | 2. | For reinstatement; |
| 10 | 3. | For appropriate equitable relief; |
| 11 | 4. | For attorney's fees; |
| 12 | 5. | For prejudgment interest on all amounts claimed that are readily ascertainable; |
| 13 | 6. | For costs and such other and further relief that the court considers proper. |

As to the Sixth Cause of Action:

| | | |
|---|---|---|
| 15 | 1. | For special damages; |
| 16 | 2. | For prejudgment interest on all amounts claimed that are readily ascertainable; |
| 17 | 3. | For costs and such other and further relief that the court considers proper. |

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28

10

**Complaint for Damages**

As to the Seventh Cause of Action:

1.  For general and compensatory damages;

2.  For special damages according to proof;

3.  For punitive damages;

4.  For prejudgment interest on all amounts claimed that are readily ascertainable;

5.  For costs;  and

6.  For such other and further relief that the court considers proper.


STEVENS & McMILLAN

Dated: August 30, 2017                   By:

DANIEL P. STEVENS
Attorney for Plaintiff
TERRY HAWKINS

11

Complaint for Damages