# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-2092 PA (KKx) | Date | October 19, 2017 |
|---|---|---|---|
| Title | Perry Hawkins v. Nestle USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Nestle USA, Inc. ("Defendant"). In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Perry Hawkins ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In support of its allegation that the Court possesses diversity jurisdiction, the Notice of Removal alleges:

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-2092 PA (KKx) | Date | October 19, 2017 |
|---|---|---|---|
| Title | Perry Hawkins v. Nestle USA, Inc., et al. | | |

>   Plaintiff has been and is domiciled in California, in that he resides in
>   California with the intent to remain in California and is, therefore, a
>   citizen of California and the United States.

(Notice of Removal ¶ 7 (citing Compl. ¶¶ 2, 5, 10.))  However, the Complaint alleges only that Plaintiff was a resident of California, and that he was employed by Defendant for 10 years.  (See Compl. ¶¶ 2, 5, 10.)  Thus, the Complaint alleges Plaintiff's residence and place of employment only.  The Complaint does not establish Plaintiff's intent to remain in California.  Because a person's residence is not the same as his domicile, the Complaint's allegations do not establish Plaintiff's citizenship.  Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").  Therefore, the Notice of Removal does not adequately allege the citizenship of Plaintiff, and Defendant has failed to demonstrate that complete diversity exists.

      For the foregoing reasons, Defendant has not met its burden of establishing the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Riverside County Superior Court, Case No. RIC1716705.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.